**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DLB ASSOCIATES CONSULTING ENGINEERS, P.C., <br><br> Plaintiff, <br><br> v. <br><br> SHLEMMER ALGAZE & ASSOCIATES and ORR PARTNERS, LLC, <br><br> Defendants. | Civil Action No. 15-689 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

This matter comes before the Court on Defendant Orr Partners, LLC's ("Orr") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 4.) Plaintiff DLB Associates Consulting Engineers, P.C. ("Plaintiff" or "DLB") opposed the motion (ECF No. 12), and Orr replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Orr's Motion to Dismiss is granted.

**I.      Background**

This action arises from Defendants Shlemmer Algaze & Associates ("SAA") and Orr's alleged failure to pay Plaintiff DLB for the value of labor, services, equipment, and materials that DLB provided as a subcontractor on a construction project. (Compl. ¶ 1, ECF No. 1-1.) DLB entered into a contractual agreement with SAA pursuant to which it subcontracted it services for the construction of an aircraft manufacturing facility for Gulfstream Aerospace Corporation ("Gulstream"). (*Id.* ¶¶ 124-45.) When the aircraft facility was under construction, Orr was engaged by Gulfstream as an independent consultant. (Def.'s Moving Br. 1, ECF No. 5.) DLB

alleges that during the construction of the facility it "interface[d] with Orr regularly to discuss the overall progress of the project," and that Orr instructed it to perform work that was outside the scope of its written agreement with SAA. (Compl. ¶ 63). DLB also alleges that it informed SAA and Orr that the "extra work" was not included in the fee provided in its contract with SAA. (*Id.* ¶ 109.) Thus, DLB submitted an invoice to SAA for approximately $2 million for this extra work. (*Id.* ¶¶ 110-11.) SAA refused to pay this invoice, and thereafter DLB filed this action against Defendants in the Superior Court of New Jersey, Law Division, Monmouth County. (*Id.* ¶ 112.) In its Complaint, Plaintiff alleges the following five causes of actions against Defendants: (1) breach of contract; (2) unjust enrichment; (3) quantum meruit; (4) breach of the covenant of good faith and fair dealing; and (5) negligent misrepresentation. The action was removed to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (ECF No. 1.) In its Motion to Dismiss, Orr argues that the Complaint fails to state a claim for relief against Orr because, inter alia, DLB "makes no allegation that it had a contract or any other quasi-contractual relationship with Orr." (Def.'s Moving Br. 2.)[1] For the reasons set forth below, the Court agrees.

**II.     Discussion**

   **A.     Legal Standard**

On a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide

---

[1] Orr relies in part on the Affidavit of James Behrend, Vice President of David Orr Associates in support of its Motion to Dismiss. As this affidavit presents matters outside the pleadings, the Court shall exclude this affidavit in deciding Defendant's Motion to Dismiss.

the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); see also Fed. R. Civ. P. 8(a)(2). Put another way, the pleader must "set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990)). Yet, importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Applying this standard, the Court will examine each claim alleged in turn.

**B.    Breach of Contract Claim**

Without citation to authority, DLB asserts that "since [i]t performed work exceeding the scope of the written contract, it formed another agreement (or agreements) with whomever requested the additional work." (Pl.'s Opp'n Br. 7, ECF No. 12.) This single allegation does not sufficiently plead that Orr entered into a valid and enforceable contract with DLB. "In New Jersey, the basic elements of a contract are offer, acceptance, and consideration." *McNutt v. Estate of McNutt*, No. 09-2, 2009 WL 3756907, at *4 (D.N.J. Nov. 6, 2009). DLB has not alleged that Orr received any consideration from DLB. Moreover, in its Complaint, DLB alleges that the "additional work" was explicitly addressed in DLB's contract with SAA. (Compl. ¶ 126.) Orr was not a party to this contract (*Id.* ¶ 124), and DLB has not alleged that SAA was acting as Orr's agent when it entered into the contract.[2] Accordingly, the Complaint does not allege sufficient

---

[2] Contrary to DLB's assertion in its opposition brief, it did not allege in the Complaint that SAA was Orr's agent. (Pl.'s Opp's Br. 10.) (emphasis added). Furthermore, "a party may not amend [its] pleadings by making factual assertions in a brief." *Hart v. Elec. Arts, Inc.*, 74 F. Supp. 2d 658, 663 (D.N.J. 2010). Accordingly, in deciding the Motion to Dismiss, the Court shall not

facts to maintain a breach of contract claim against Orr.

### C. Unjust Enrichment and Quantum Meruit Claims

Likewise, DLB's unjust enrichment and quantum meruit allegations suffer a fatal deficiency. Namely DLB has not alleged facts sufficient for finding that Orr – as opposed to Gulfstream or SAA – benefited. Both unjust enrichment and quantum meruit require showing that the defendant was unjustly enriched. *See F. Bender, Inc. v. Jos. L. Muscarelle, Inc.*, 304 N.J. Super. 282, 285 (App. Div. 1997) ("Quantum meruit . . . requires that there be unjust enrichment.") Here, although DLB alleges that Orr managed its work on the construction project, DLB has not alleged that Orr received a benefit from this work.[3]

DLB's claim against Orr for unjust enrichment is further undermined by DLB's admission that its contract with SAA "explicitly states that any work outside the scope set forth in the contract is considered 'additional work' and that DLB will only perform such work for additional fees" and that, pursuant to this contract it "submitted an invoice to SAA for that extra work." (Compl. ¶¶ 110, 126.) In *MK Strategies, LLC v. Ann Taylor Stores, Corp.*, a court in this District found that plaintiff could not state a claim for unjust enrichment where it had not alleged "that it expected remuneration directly from [Defendant] when it provided . . . services pursuant to its contract with [a party to the contract]." No. 07-2519, 2007 WL 4322796, at *3 (D.N.J. 2007). Like the plaintiff in *MK Strategies, LLC*, DLB has not alleged that it expected remuneration from Orr when it performed the work. On the contrary, DLB's Complaint evinces its intent to seek remuneration

---

consider DLB's assertion that it had "a relationship with Orr through its agent, SAA." (Pl.'s Opp'n Br. 10.)

[3] Although DLB asserts in its opposition that Orr benefitted from DLB's work because "DLB's work allowed Orr to keep construction of Building Z on schedule, thereby allowing Orr to satisfy its own obligations *vis a vis* Gulfstream," (Pl.'s Opp'n Br. 12), these allegations are not in the Complaint and therefore shall not be considered here. *Hart, supra* n.2.

4

from SAA for its services. (Compl. ¶ 110) ("DLB submitted an invoice *to SAA* for that extra work, totaling $2,220,729.08") (emphasis added).

Accordingly, the Court finds that DLB has not stated a claim against Orr for unjust enrichment or quantum meruit.

### D. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff also failed to state a claim for breach of the covenant of good faith and fair dealing. As Plaintiff admits, this cause of action is predicated on the existence of a contract. (Pl.'s Opp'n Br. 14) ("[A]s long as a contract exists between Orr and DLB, DLB can maintain a claim against Orr for breach of the covenant of good faith and fair dealing.") As discussed above, Plaintiff had not adequately pled the existence of a contract between Orr and DLB. Accordingly, DLB cannot maintain a claim against Orr for breach of the covenant of good faith and fair dealing.

### E. Negligent Misrepresentation

Finally, with respect to Plaintiff's negligent misrepresentation claim, Plaintiff alleges that Defendants "negligently misrepresented to DLB that the budget upon which DLB based its proposal was a reasonably accurate projection of the total cost of the project in question." (Compl. ¶ 151.) The Complaint does not, however, state that Orr provided the budget or any other cost that was included in the budget. As such, it is unclear that Orr made any affirmative misrepresentation with respect to the budget. Accordingly, Plaintiff's vague, conclusory allegations regarding negligent misrepresentation are not sufficient to state claim for relief.

### III.    Conclusion

For the reasons set forth above, Orr's Motion to Dismiss is granted. An order consistent with this Opinion will be entered.

*signature*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** October 14, 2015